NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7096

ERIC H. ROBINSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Eric H. Robinson, of Covington, Virginia, pro se.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7096

ERIC H. ROBINSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-0164, Judge William A. Moorman.

_____

DECIDED: March 3, 2009

_____

Before MICHEL, Chief Judge, DYK and PROST, Circuit Judges.

PER CURIAM.

Appellant Eric Robinson appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board's") decision to deny a service connection for Mr. Robinson's low-back disability. See Robinson v. Peake, No. 06-0164, 2008 WL 570275 (Vet. App. Jan. 30, 2008). For the reasons that follow, we vacate the Veterans Court's opinion and remand.

I. BACKGROUND

Mr. Robinson served in the U.S. Army from November 1984 until July 1987. During that period, he was examined twice due to complaints of lower back pain. His

1987 separation examination indicated that his spine was normal, but the examiner recommended that he see an orthopedist for his lower back pain. Mr. Robinson did not see an orthopedist at that time. He filed a claim for service connection for a back disability in 1993, and was examined again in 1994. At the examination, Mr. Robinson said that a pad fell off of his rucksack during a 1985 march, rubbing against his back and causing him pain. Although Mr. Robinson said that there were medical records that would show that he reported the injury in 1985, Mr. Robinson never gave those records to his examiner, despite being asked to provide them "as soon as possible." His claim was denied in 1994, and Mr. Robinson did not appeal that decision.

The Board reopened the case in 2002 because Mr. Robinson submitted new and material evidence supporting his claim—for example, in 1997 he was diagnosed with chronic low-back pain, and in 2000 an MRI scan showed a large disc herniation. After having Mr. Robinson examined once again, the Board denied a service connection for Mr. Robinson's low-back disability in November of 2005. Mr. Robinson appealed to the Veterans Court, and in 2008 that court affirmed the Board's decision.

Mr. Robinson filed his informal brief with this court on September 24, 2008. The Secretary of Veterans Affairs ("Secretary") filed a motion to dismiss the case for lack of jurisdiction. We denied the motion without prejudice, and asked the Secretary to address the question of whether the Veterans Court and the Board "properly required medical evidence to establish a continuity of symptoms relating [Mr.] Robinson's in-service back injuries to his current low back disability." Robinson v. Peake, No. 2008-7096 (Fed. Cir. Dec. 3, 2008) (order denying motion to dismiss) (citing Groves v.

<u>Peake</u>, 524 F.3d 1306 (Fed. Cir. 2008); <u>Jandreau v. Nicholson</u>, 492 F.3d 1372 (Fed. Cir. 2007); <u>Buchanan v. Nicholson</u>, 451 F.3d 1331 (Fed. Cir. 2006)).

## II.  DISCUSSION

Under 38 U.S.C. § 7292, this court has limited authority to review the Veterans Court's decisions.  This court decides "all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).  However, unless the appeal presents a constitutional issue, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  <u>Id.</u> § 7292(d)(2).

In his informal brief, Mr. Robinson claims that his medical records "are full of lies" and are "all screwed up."  He also claims he had no representative.  The Secretary says that the Veterans Court's decision involved only factual findings and the application of law to those facts, leaving us without jurisdiction.  To the extent that Mr. Robinson is asking us to examine his medical records and determine whether or not there are errors within those records, we agree with the Secretary—the accuracy of medical records is a question of fact over which we have no jurisdiction.  Further, we note that the Veterans Court's opinion clearly indicates that Mr. Robinson was represented by counsel during his appeal.

On the other hand, we have jurisdiction over the question of whether the Board errs as a matter of law when it refuses to consider lay evidence based on the assumption that only those possessing specialized medical training and knowledge are competent to diagnose or provide an opinion on a disease or injury.  <u>See</u> <u>Buchanan</u>, 451 F.3d at 1334–35, <u>Jandreau</u>, 492 F.3d 1376–77.  We turn now to that question.

To establish a service connection for an injury, the Veterans Court generally requires a veteran to show (1) medical evidence of a current disability, (2) medical or lay evidence of in-service incurrence or aggravation of an injury, and (3) medical evidence of a nexus between the claimed in-service injury and the present disability. Dalton v. Nicholson, 21 Vet. App. 23, 36 (2007). In cases where the veteran cannot establish some of these elements, a veteran can instead establish continuity of symptomatology. 38 C.F.R. § 3.303(b); Barr v. Nicholson, 21 Vet. App. 303, 307 (2007). To establish continuity of symptomatology, the Veterans Court requires a veteran to show "(1) that a condition was 'noted' during service, (2) evidence of postservice continuity of the same symptomatology, and (3) medical or lay evidence of a nexus between the present disability and the postservice symptomatology." Barr, 21 Vet. App. at 307.

In Buchanan, we held that although the Board can "weigh the absence of contemporaneous medical evidence against the lay evidence of record," the Board "cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence." 451 F.3d at 1337 (emphasis added). We revisited the issue in Jandreau, rejecting as "too broad" the proposition that "competent medical evidence is required . . . [when] the determinative issue involves either medical etiology or a medical diagnosis." Jandreau, 492 F.3d at 1376–77 (alteration in original). Instead, "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Id. at 1377 (footnote omitted). As an example, we pointed out

that a layperson would be competent to identify a "simple" condition like a broken leg, but would not be competent to identify a form of cancer. Id. at 1377 n.4. We noted, however, that "[w]hether lay evidence is competent and sufficient in a particular case is a fact issue to be addressed by the Board rather than a legal issue to be addressed by the Veterans' Court." Id. at 1377.

The Board unquestionably has the authority to determine whether a low-back disability is the type of injury for which lay evidence is "competent and sufficient," but the Board did not do so here. Instead, the Board stated that "lay statements are considered to be competent evidence when describing the symptoms of a disease or disability or an injury," but "when the determinative issue involves a question of medical diagnosis or causation, only individuals possessing specialized training and knowledge are competent to render an opinion." The Board went on to state that "in situations of continuity of symptomatology after service, there still must be medical evidence relating the current condition at issue to that symptomatology," and Mr. Robinson's "allegations alone have no probative value without medical evidence substantiating them."

We read the Board's opinion as, in effect, holding that a layperson can never provide competent evidence on any question of etiology or diagnosis. This statement of law contradicts our holding in Jandreau.[1] The government attempts to rebut this conclusion by pointing to the Board's statement that "as a layperson, [Mr. Robinson] is not competent to give an opinion requiring medical knowledge, such as the etiology of a current low back disability." But the Board did not make this statement because it

---

[1] We recognize that the Board's opinion in this case issued in 2005, and therefore predates our decisions in Buchanan and Jandreau. Therefore, we do not mean to imply that the Board consciously disregarded the holdings in the cited cases.

considered the question and determined that a low-back injury is a type of disability that does not lend itself to lay evidence; rather, a full and fair reading of the opinion shows that the Board made this statement because it believed that an etiology determination can <u>only ever</u> be supported by a person with "medical knowledge."

We therefore hold that the Board erred as a matter of law by disregarding the possibility that, in some cases, lay evidence will be competent and credible evidence of etiology. We reiterate that whether lay evidence is competent in this particular case is a question of fact to be decided by the Board in the first instance. Therefore, on remand, a two-step analysis of Mr. Robinson's lay evidence is required. The Board must first determine whether a low-back disability is the type of injury for which lay evidence is competent evidence. If so, the Board must weigh that evidence against the other evidence of record—including, if the Board so chooses, the fact that Mr. Robinson has not provided any in-service record documenting his back injury—to determine whether to grant Mr. Robinson a service connection.

## CONCLUSION

For the reasons stated above, we vacate and remand to the Veterans Court so that it may remand to the Board for further consideration.