Citation Nr: 1126160 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 03-11 954 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to compensation benefits under the provisions of 38 U.S.C.A. § 1151 for a right leg disorder.

2. Entitlement to compensation benefits under the provisions of 38 U.S.C.A. § 1151 for a bladder and bowel disorder.


REPRESENTATION

Appellant represented by: Sean A. Ravin, Attorney at Law


ATTORNEY FOR THE BOARD

David S. Ames, Counsel


INTRODUCTION

The Veteran served on active duty from November 1973 to December 1976.

This matter comes properly before the Board of Veterans' Appeals (Board) on appeal from a rating decision by the Department of Veterans Affairs (VA) Regional Office in Chicago, Illinois (RO). In February 2004, the Board issued a decision which denied the right leg disorder claim on appeal. Thereafter, the Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). Based on a July 2005 Joint Motion for Remand (Joint Motion), the Court remanded the appeal in July 2005 for development in compliance with the Joint Motion. The claim was then remanded by the Board in November 2005 and December 2006 for additional development. In August 2007, the Board once again issued a decision which denied the right leg disorder claim on appeal. The Veteran appealed the Board's second decision to the Court. Based on an August 2008 Joint Motion, the Court remanded the appeal in August 2008 for development in compliance with the Joint Motion. The claim was then remanded by the Board once again in July 2009 for additional development.


FINDINGS OF FACT

1. The medical evidence of record does not show that the Veteran has an additional right leg disability as the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel, or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment.

2. The medical evidence of record does not show that the Veteran has an additional bladder and bowel disability as the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel, or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment.


CONCLUSIONS OF LAW

1. The criteria for compensation under 38 U.S.C.A. § 1151 for a right leg disorder have not been met. 38 U.S.C.A. §§ 1151, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.358, 3.361, 17.32 (2010).

2. The criteria for compensation under 38 U.S.C.A. § 1151 for a bladder and bowels disorder have not been met. 38 U.S.C.A. §§ 1151, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.358, 3.361, 17.32 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

With respect to the Veteran's claims, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2010). Prior to initial adjudication, letters dated in November 2001 and January 2008 satisfied the duty to notify provisions with respect to the claims on appeal. Additional letters were also provided to the Veteran in July 2004, March 2006, June 2007, and October 2008, after which the claims were readjudicated. See 38 C.F.R. § 3.159(b)(1); Overton v. Nicholson, 20 Vet. App. 427 (2006); see also Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The Veteran's service treatment records, VA medical treatment records, and indicated private medical records have been obtained. VA examinations sufficient for adjudication purposes were provided to the Veteran in connection with his claims. See McLendon v. Nicholson, 20 Vet. App. 79 (2006), Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). There is no indication in the record that additional evidence relevant to the issues decided herein is available and not part of the claims file. As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. 473. Further, the purpose behind the notice requirement has been satisfied because the Veteran has been afforded a meaningful opportunity to participate effectively in the processing of his claims, to include the opportunity to present pertinent evidence. Simmons v. Nicholson, 487 F.3d 892, 896 (Fed. Cir. 2007); Sanders v. Nicholson, 487 F.3d 881, 889 (Fed. Cir. 2007) (holding that although Veterans Claims Assistance Act notice errors are presumed prejudicial, reversal is not required if VA can demonstrate that the error did not affect the essential fairness of the adjudication).

In general, when a claimant experiences additional disability as the result of hospital care, medical or surgical treatment, or examination furnished by VA, disability compensation shall be awarded in the same manner as if such additional disability or death were service-connected. 38 U.S.C.A. § 1151.

The provisions of 38 U.S.C.A. § 1151 provide that when there is no willful misconduct by a Veteran, disability resulting from VA hospital care furnished the Veteran will be compensated in the same manner as if service-connected, if the disability was caused by (A) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA in furnishing hospital care or (B) an event which is not reasonably foreseeable. See also 38 C.F.R. §§ 3.358, 3.361.

The Veteran contends that benefits are warranted under the provisions of 38 U.S.C.A. § 1151, for additional disability which resulted from a surgical operation performed in March 2001. Specifically, the Veteran claims that the surgery and subsequent treatment, was negligently performed and resulted in a right leg disorder and a bladder and bowel disorder.

The medical evidence of record shows that the Veteran experienced right leg and bladder symptomatology prior to the March 2001 surgery. He reported complaints of right leg numbness after he dropped something on his right foot in October 1999.

In March 2001, a lumbar puncture was scheduled to assist in diagnosing the Veteran's disorder. A March 14, 2001 VA informed consent form stated that the operative procedure was a lumbar puncture. The form stated that "[t]he nature and purpose of the operation/procedure, possible alternative methods of treatment, risks involved, and potential complications have been fully explained to me. I acknowledge that no guarantees have been made to me concerning the results of the operation/procedure." The form was signed by the Veteran and a witness. Following the lumbar puncture, the Veteran was scheduled for a resection/biopsy of a spinal cord lesion, also for diagnostic purposes. A March 21, 2001 VA informed consent form stated that "[t]he nature and purpose of the operation/procedure, possible alternative methods of treatment, risks involved, and potential complications have been fully explained to me. I acknowledge that no guarantees have been made to me concerning the results of the operation/procedure." The form was signed by the Veteran and a witness.

VA outpatient records dated subsequent to the March 2001 surgery indicate that the Veteran continued to lose function in his right lower extremity and was unable to ambulate without use of an assistive device. Diagnoses of neurogenic bladder and constipation were also made.

In a May 2002 VA spine examination report, the examiner opined that "the digression of the [V]eteran's condition is not related to the operative procedure, but rather an expected progression of the disease."

In a December 2004 VA neurological disorders examination report, the examiner opined that

there is no evidence for any problems with carelessness, negligence or improper skill or error in judgment. When the spinal cord is biopsied, it is of course possible to cause further damage and that is why that procedure is not commonly done. In addition as noted above, any type of trauma that breaks down the sort of the blood [central nervous system] barrier may aggravate plaque formation and cause some worsening. Therefore, I think one could say that it is likely that the surgery exacerbated his current condition and may have worsened it given that tissue is removed when you do a biopsy. So in the sense the worsening, a function would be considered a definite recognized possible complication of spinal cord biopsy.

In conclusion, therefore, one can say that it is at least as likely as not that the surgery added some additional disability by causing further damage to the spinal cord either through direct tissue damage from the biopsy and/or exacerbation of the underlying multiple sclerosis. Of course, the surgery/biopsy did not cause this additional disability because of carelessness, negligence or error in judgment but rather would be a potential complication expected from the procedure.

In an April 2005 VA neurological report, the Veteran "expresse[d] a distrust of the surgeons here and believe[d] an error may have occurred during the [March 2001] surgery to make his symptoms worse."

In a February 2006 VA peripheral nerves examination report, the examiner opined that the Veteran had a right leg disability which was caused by

the demy[e]linating process that lead to the biopsy as well as the residual deficit caused by the biopsy itself. . . . He did incur increased deficit from the surgery. However, the increased deficit from a spinal cord biopsy is a known consequence of this surgery and while not common is not unexpected. It is a known risk of the surgery. It can result without technical error or negligence on the part of the surgeon as in this case. The decision for surgery was appropriate, there were no technical errors, the [Veteran] was worse after surgery.

An April 2008 VA spine examination report gave a diagnosis of demyelinating condition of the thoracic spinal cord. The examiner opined that the

Veteran['s] neurology evaluation was comprehensive. Recommended thoracic spine biopsy was appropriate. Surgery was performed in a timely and competent manner. Meningocele is a recognized complication of spinal cord surgery which was treated appropriately and does not contribute to [V]eteran's present condition. 
. . . . 
Veteran attributes numbness to gabapentin. There is a slight increase in hypesthesias associated with this medication compared to a placebo group. However, lower extremity numbness was present long before this medication was instituted. Gabapentin may or may not contribute to [V]eteran's ataxia at present time. If this is a factor neurology evaluation would be required. Gabapentin is an appropriate medication to treat neuropathic pain. Constipation is a well recognized complication of narcotics. Morphine sulfate is an appropriate medication for treating chronic pain conditions. Constipation is being treated appropriately. 
. . . . 
Medical/surgical care at [the VA Medical Center] was comprehensive and p[er]formed in a competent/timely manner. All standards of care were met.

Veteran's claim of a condition of "impairment lower back, left lower extremity (to include bowel and bladder)" was NOT caused or made worse by VA medical or surgical treatment/VA training/VA examination. Veteran's disability did NOT result from carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the attending VA personnel. Rather, it is at least as likely as not, that [V]eteran's above conditions represent the natural progression of the original neurologic process involving demyelination of the thoracic spine.

An April 2008 VA genitourinary examination report gave a diagnosis of neurogenic bladder and constipation. The examiner opined that the

It would be based on speculation to say that the neurogenic bladder and constipation were caused by surgery. The Vet[eran] had a spinal compression related to mass noted above. This was as lik[el]y as not to be the cause of his neurogenic bladder and bowel impairment. It is important to note that the Vet[eran] noted urine incontinence for a period prior to the surgery in [March 2001]. This is noted on neurology notes on initial consult[ation] in March 2001. This would make it less likely that his neurogenic bladder was due to surgery. In addition, this Vet[eran] has been on pain medications (including narcotics) since surgery. This is likely to have aggravated constipation. There was less lik[el]y than not to have been carelessness, negligence, lack of proper skill, error in judgment to have caused additional disability noted above.

While the evidence shows that the Veteran has a current diagnosis of a right leg disorder and a bladder and bowel disorder, there is no medical evidence that they were the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel. The preponderance of the medical evidence of record shows that the Veteran's pre-existing right leg and bladder/bowel symptoms were likely aggravated by the March 2001 VA surgical operations and the medication provided to the Veteran to treat his neurologic symptoms. However, the fact that such an aggravation of the Veteran's disorders occurred is not proof that the Veteran's medical treatment was deficient. 

The December 2004 VA neurological disorders examination report, the February 2006 VA peripheral nerves examination report, the April 2008 VA spine examination report, and the April 2008 VA genitourinary examination report all stated that the Veteran's various additional disabilities were the result of known risks or complication of a spinal biopsy and the medication he was subsequently prescribed. There is no medical evidence of any kind that states that any of the Veteran has any additional disability of the right leg, bladder, or bowel that was not reasonably foreseeable. Accordingly, the medical evidence of record shows that these additional disabilities were a known risk of the medical treatment the Veteran received. As such, while the outcome of the treatments was not expected, it was reasonably foreseeable for VA purposes.

Furthermore, the evidence of record shows that the Veteran was provided with proper informed consent, including notice of the possible risks and complications of the surgical procedures. The consent forms that the Veteran signed before both of the March 2001 surgical procedures stated that the risks and potential complications had been explained to him, and the Veteran understood that there were no guarantees about the results of the procedures. Accordingly, the evidence of record shows that the Veteran was given proper informed consent. 38 C.F.R. § 17.32(c).

While the Veteran claims that his additional disabilities were the result of errors made by VA, there is no medical evidence of record that provides an opinion that any additional right leg, bladder, or bowel disability that the Veteran experiences was the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment. The medical opinions of record unanimously state that the Veteran was provided with proper care and that there were no deficiencies in any aspect of his treatment. The Veteran simply claims that his increase in disability is itself the error. This ignores the fact that the Veteran was fully informed that the results of the surgical procedures were not guaranteed. The simple failure of an otherwise properly performed operation to correct a medical condition or avoid a known risk or complication does not qualify as carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel. 

The Veteran's statements alone are not sufficient to prove that he experiences additional right leg, bladder, or bowel disability as a result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment. Medical diagnosis and causation involve questions that are beyond the range of common experience and common knowledge and require the special knowledge and experience of a trained physician. Whether any additional right leg, bladder, or bowel disability was a result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment is not the type of determination that can be made by lay evidence. See Robinson v. Shinseki, 312 Fed. App. 336, 339 (Fed. Cir. 2009). As he is not a physician, the Veteran is not competent to make a determination that he experiences additional right leg, bladder, or bowel disability as a result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment. Espiritu v. Derwinski, 2 Vet. App. 492, 495 (1992); Grottveit v. Brown, 5 Vet. App. 91, 93 (1993). 

As such, the medical evidence of record does not show that the Veteran experiences additional right leg, bladder, or bowel disability as a result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment. Accordingly, compensation benefits under the provisions of 38 U.S.C.A. § 1151 for a right leg disorder and a bladder and bowel disorder are not warranted.

In reaching this decision, the Board considered the doctrine of reasonable doubt. However, as there is no medical evidence of record that the Veteran experiences additional right leg, bladder, or bowel disability as a result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault by VA medical personnel or that any such disability was due to an event not reasonably foreseeable in furnishing the Veteran's medical treatment, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Compensation under 38 U.S.C.A. § 1151 for a right leg disorder is denied.

Compensation under 38 U.S.C.A. § 1151 for a bladder and bowel disorder is denied.



____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs