# United States Court of Appeals
# for the Federal Circuit

---

**ROBERT G. YOUNG,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7116

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2661, Judge William A. Moorman.

---

Decided: September 8, 2014

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, of Topeka, Kansas, argued for claimant-appellant. On the brief was SANDRA E. BOOTH, of Columbus, Ohio, for claimant-appellant.

ERIC P. BRUSKIN, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were STUART F. DELERY, Assistant Attorney General, BRYANT SNEE, Acting Director, MARTIN F. HOCKEY, Assistant Director and L. MISHA PREHEIM,

Senior Trial Counsel. Of counsel on the brief were Y. KEN
LEE, Deputy Assistant General Counsel, and CHRISTINA L.
GREGG, Attorney, United States Department of Veterans
Affairs, of Washington, DC.  Of counsel were MICHAEL J.
TIMINSKI, Deputy General Counsel and BRIAN D. GRIFFIN,
Attorney, United States Department of Veterans Affairs,
of Washington, DC.

_____

Before NEWMAN, LOURIE, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

Robert G. Young ("Young") appeals the judgment of
the United States Court of Appeals for Veterans Claims
("Veterans Court"), holding that the effective date for
Young's award of service connection due to post-traumatic
stress disorder ("PTSD") was March 10, 1989. We affirm.

BACKGROUND

This case primarily involves the question of whether
lay evidence alone can establish the effective date for an
award of service connection due to PTSD or whether a
medical diagnosis attesting to the existence of PTSD on
the claimed effective date is necessary because of 38
C.F.R. § 3.304(f).

Young served as a combat engineer with the United
States Army from October 1965 until August 1967, per-
forming a tour of duty in Vietnam during that time. In
September 1984, Young filed an application for benefits
with the Veterans Affairs ("VA") Regional Office ("RO").
The application described his injuries as "'anxiety,' 'bad
nerves,' and 'unable to adjust to society.'" J.A. 1. The RO
interpreted Young's claim as a request for an award of
service connection due to PTSD, but denied the request
after Young failed to report for a VA medical examination.
In 1989, a VA psychiatrist submitted a letter, stating that
Young "has been under my care since March 10, 1989"

and "is suffering from PTSD." J.A. 101. Nonetheless, the RO denied Young's claim in rating decisions dated December 1989, February 1990, and April 1991 because the evidence of record did not establish his exposure to an in-service stressor. Young appealed the decisions to the Board, which denied his claim in July 1991. Young did not appeal to the Veterans Court, and the Board's decision became final.

In August 1992, Young filed a request to have his claim reopened. The RO denied the request in October 1992, June 1993, February 1995, and March 1997. In May 1998, the RO received service department records documenting Young's exposure to an in-service stressor for PTSD that had not been previously associated with his file. 38 C.F.R. § 3.156(c)(1) provides that "if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim." Under such circumstances, the claim is not treated as a new and material evidence claim, *see id.* § 3.156(a), or a clear and unmistakable error ("CUE") claim, *see id.* § 3.105(a), but rather, is governed by § 3.156(c).

Pursuant to § 3.156(c), the RO reopened Young's claim in 1998, after it received the service department records related to his in-service stressor, and granted him service connection with a 100% disability rating. The RO assigned the award an effective date of August 11, 1992—the date when the VA received Young's request to reopen the previously denied claim.

In March 2007, Young sought revision of the RO's May 1998 Rating Decision on the grounds of CUE. Young argued that the RO committed CUE and that he was entitled to an earlier effective date of September 7, 1984—the date on which he filed his original claim. The RO

found no CUE, and Young appealed that decision to the Board.

In May 2011, the Board concluded that the RO had committed CUE with respect to its effective date determination. The effective date of a benefits award is governed by 38 U.S.C. § 5110,[1] which provides in relevant part:

> (a) Unless specifically provided otherwise in this chapter, the effective date of an award based on . . . a claim reopened after final adjudication . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefore.

38 U.S.C. § 5110(a). For the purposes of determining the effective date of claims reopened on the basis of service department records, 38 C.F.R. § 3.156(c)(3) provides that "[a]n award made based all or in part on the records identified by paragraph (c)(1) [*i.e.*, service department records] of this section is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later, or such other date as may be authorized by the provisions of this part applicable to the previously decided claim." 38 C.F.R. § 3.156(c)(3). According to the Board, the proper effective date was either (1) the date when the VA received Young's original claim or (2) the date his entitlement arose—whichever occurred later. Although Young's original claim was filed in 1984, the Board determined that his entitlement arose on March 10, 1989—when Young was determined to be

---

[1]    This provision was numbered under § 3010(a) when Young filed his original claim in 1984, and has been renumbered under § 5110(a) without change. Dep't of Veterans Affairs Health-Care Personnel Act of 1991, Pub. L. No. 102-40, 105 Stat. 187, May 7, 1991.

suffering from PTSD and began receiving treatment—and March 10, 1989, was assigned as the effective date.

Young appealed to the Veterans Court, arguing that he was entitled to an earlier effective date corresponding to the VA's receipt of his original claim on September 7, 1984. The Veterans Court affirmed the Board, finding no CUE in its decision to assign "the effective date as the date of the medical examination record 'establishing a clear diagnosis of PTSD related to [Young's] stressors.'" J.A. 9. The Veterans Court decision relied on 38 C.F.R. § 3.304(f), pursuant to which "[s]ervice connection for posttraumatic stress disorder requires medical evidence diagnosing the condition." 38 C.F.R. § 3.304(f). Although Young complained of bad nerves and anxiety in his 1984 application, the Veterans Court concluded that those statements were "immaterial to determining the date entitlement arose in the context of the PTSD regulation because the regulation clearly requires a medical diagnosis of PTSD," J.A. 10, and no medical diagnosis identified his then-existing condition as PTSD. Because the earliest available medical diagnosis of PTSD was March 10, 1989, the Veterans Court found no CUE in the Board's effective date determination.

Young timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

This court "shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Appeals for Veterans Claims" that we find to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." *Id.*

§ 7292(d)(1). We review claims alleging "'legal error in the decision of the Court of Appeals for Veterans Claims without deference.'" *Wagner v. Principi*, 370 F.3d 1089, 1091–92 (Fed. Cir. 2004) (quoting *Szemraj v. Principi*, 357 F.3d 1370, 1372 (Fed. Cir. 2004)). We have jurisdiction to decide "whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute, that is, whether there is an error of law." *Szemraj*, 357 F.3d at 1375. However, we do not have jurisdiction to review "the factual findings of when a disability was claimed or service connection established." *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010).

The effective date of a claim reopened following the receipt of service department records is "the date entitlement arose or the date VA received the previously decided claim, whichever is later." 38 C.F.R. § 3.156; *see also* 38 C.F.R. § 3.400(r). The question here is whether the Veterans Court erred in approving an effective date of March 10, 1989, for Young's award of service connection due to PTSD. The Veterans Court affirmed the Board because 38 C.F.R. § 3.304(f) sets forth the requirements for establishing entitlement to service connection for PTSD and expressly requires a medical diagnosis of the veteran's condition as PTSD. In light of this requirement, the Veterans Court agreed with the Board that Young's "entitlement to service connection for PTSD could not arise . . . until a medical examination establishing a clear diagnosis of PTSD was performed." J.A. 9–10.

Young argues that the Board and Veterans Court erroneously applied 38 C.F.R. § 3.304(f) when assigning his award's effective date. He contends that the regulation is relevant only when determining whether service connection for PTSD should be awarded, not when determining what the award's effective date should be. We disagree. Section 3.304(f) defines the conditions for entitlement to service connection. It provides that "[s]ervice

connection for posttraumatic stress disorder requires medical evidence diagnosing the condition in accordance with § 4.125(a) of this chapter; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred." 38 C.F.R. § 3.304(f). In order to determine the "date entitlement arose" within the meaning of 38 C.F.R. § 3.156(c), it is necessary to look at § 3.304(f). We do not read § 3.304(f) as providing that entitlement can arise on a date for which there is no medical diagnosis of the veteran's condition as PTSD.

We note that the Secretary does not suggest that the effective date of a PTSD claim is necessarily the date the diagnosis is made or submitted to the VA. The Secretary admits that a medical opinion could diagnose the presence of the condition and identify an earlier onset date based on preexisting symptoms. That did not occur here with respect to the claimed 1984 date.[2] Rather, the earliest date for which there is a medical diagnosis of Young's existing condition as PTSD is March 10, 1989. That date comes from a letter submitted by a VA psychiatrist stating that "Mr. Young is suffering from PTSD" and "has been under my care since March 10, 1989." J.A.101. The letter says nothing about Young's condition or symptoms prior to March 10, 1989.

However, Young argues that other evidence of record establishes that his entitlement arose at least as early as 1984, establishing an effective date corresponding to the VA's receipt of his original claim on September 7, 1984. He relies on his statements in his 1984 claim complaining

---

[2] The psychiatrist's letter establishing the effective date was itself dated May 11, 1989, and the Secretary agrees that the effective date goes back to March 10, 1989, when Young was first diagnosed and began receiving treatment for PTSD.

of bad nerves, anxiety, and trouble adjusting to society, and the Board's determination that "the nerves and anxiety [Young] complained of have been demonstrated to be secondary to underlying chronic PTSD." J.A. 50.

Quite apart from the specific provision of § 3.304(f), lay evidence may be competent and sufficient to establish the existence of a service-connected medical condition only when "(1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." *Jandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007); *see also Buchanan v. Nicholson*, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("If the Board concludes that the lay evidence presented by a veteran is credible and ultimately competent, the lack of contemporaneous medical evidence should not be an absolute bar to the veteran's ability to prove his claim of entitlement to disability benefits based on that competent lay evidence."). There is no contention that Young's claim falls into the second *Jandreau* category—only the first and third are at issue here. This case does not fall into either of those categories.

The competence of lay testimony depends on the nature of the condition. *Jandreau*, 492 F.3d at 1377 n.4. In *Jandreau*, we remanded for the Veterans Court to determine whether lay evidence was competent and sufficient to establish that the veteran's shoulder had been dislocated. *Id.* at 1377. PTSD is not the type of medical condition that lay evidence, standing alone, is competent and sufficient to identify. "Because of the complexity of PTSD, the application of careful clinical judgment is necessary to identify and describe the relationship between past events and current symptoms. . . . PTSD can occur hours, months, or years after a military stressor." Veterans Administration, Dep't of

Veterans Benefits (DVB) Circular 21-86-10, Post-Traumatic Stress Disorder (Sept. 4, 1986); *see also* Nat'l Council on Disability, Invisible Wounds: Serving Service Members and Veterans with PTSD and TBI 2–3 (Mar. 4, 2009), *available at* http://www.ncd.gov/publications/2009/March042009. In any event, 38 C.F.R. § 3.304(f) requires a diagnosis of PTSD by a medical professional, and there is no question raised as to its validity. While the regulation establishes certain situations in which "the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor," *id.* § 3.304(f)(1)–(4), it does not permit the veteran's lay testimony to substitute for a medical diagnosis of PTSD. The first *Jandreau* category is inapplicable here.

Nor is the third *Jandreau* category applicable in this case. To be sure, lay testimony could support a retrospective medical diagnosis of pre-existing PTSD. In *Buchanan*, we remanded for reconsideration of lay testimony when there was a medical opinion stating that the veteran's schizophrenia manifested while he was in service, years before the medical examination was performed. 451 F.3d at 1332–33. But here, there is no medical diagnosis indicating that Young's PTSD existed before March 10, 1989. The Board recognized that "the nerves and anxiety [Young] complained of have been demonstrated to be secondary to underlying chronic PTSD," and therefore treated his original 1984 application as "equivalent to a claim for service connection for PTSD." J.A. 50. While Young's contemporaneous description of his symptoms justified applying regulations governing service connection for PTSD to his original benefits application, his lay testimony does not by itself establish his entitlement to such benefits. Young's entitlement could not arise until the pertinent regulatory requirements were satisfied, including the existence of "medical evidence diagnosing the condition." 38 C.F.R. § 3.304(f). The Veterans Court did not err in approving an effective date that corresponds

to the earliest available medical diagnosis indicating that his PTSD existed as of March 10, 1989.[3]

In the alternative, Young argues that 38 C.F.R. § 3.304(f), promulgated in 1993, was applied retroactively to his 1984 claim, and that this was improper under *Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1364 (Fed. Cir. 2004) (holding that determining retroactive effect requires consideration of factors set forth in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994)). As the government points out, the VA has long required a medical diagnosis of PTSD to establish service connection, as it did when Young filed his claim in 1984. At that time,

---

[3] The cases on which Young relies—*McGrath v. Gober*, 14 Vet. App. 28 (2000) and *DeLisio v. Shinseki*, 25 Vet. App. 45 (2011)—are not to the contrary. In *McGrath*, the Veterans Court remanded for redetermination because there was a retrospective diagnosis, submitted in 1994, stating that the veteran "had been suffering demonstrable and overt symptoms of PTSD since May 1975 when he began treating the appellant." 14 Vet. App. at 32. As discussed above, there is no retrospective diagnosis of Young's condition prior to March 1989, and the effective date is not the date the diagnosis was submitted to the VA—May 11, 1989. In *DeLisio*, the veteran had filed separate benefits claims for distinct conditions that were potentially causally related. The Veterans Court held that the effective date of the later-filed claim could be the date of the earlier-filed claim "when a claim is *pending* and information obtained reasonably indicates that the claimed condition is *caused* by a disease or other disability that may be associated with service." 25 Vet. App. at 55. Neither of those conditions is met here as Young's original claim is not pending and no information suggests that his PTSD was caused by another disability diagnosed later.

the VA regulation pertaining to service connection due to "mental disorders" stated:

> It must be established first that a true mental disorder exists. The disorder will be diagnosed in accordance with the [American Psychiatric Association] manual. A diagnosis not in accord with this manual is not acceptable for rating purposes and will be returned through channels to the examiner.

38 C.F.R. § 4.126 (1984). A department circular, issued in 1982, confirms that a medical diagnosis of PTSD was required to establish service connection when Young filed his claim. The circular, intended to "clarify the requirements for the establishment of service connection for PTSD," expressly lists "[a] diagnosis of PTSD acceptable for rating purposes" as one of "three basic requirements [that] must be met to establish service connection for PTSD." Veterans Affairs, DVB Circular 21-82-7, Post-Traumatic Stress Disorder Ratings (May 3, 1982). There is no question of retroactivity here, because a medical diagnosis of PTSD was required to establish Young's entitlement to service connection for PTSD when he filed his original claim in 1984. Indeed, Young appears to admit that a medical diagnosis of PTSD was required to establish entitlement to service connection for the condition.

A VA decision may be set aside for CUE only if the error was "the sort of error which, had it not been made, would have manifestly changed the outcome at the time it was made." *Cook v. Principi*, 318 F.3d 1334, 1343 (Fed. Cir. 2002) (en banc) (quoting *Russell v. Principi*, 3 Vet. App. 310, 314 (1992) (en banc)). To the extent that the Veterans Court referenced 38 C.F.R. § 3.304(f), Young has failed to show that it would have reached a different outcome on the effective date issue if it had referenced the language of the 1984 regulation instead. The Veterans

Court did not err in approving the Board's decision to assign an effective date that reflects the earliest medical diagnosis of Young's condition as PTSD.

## **AFFIRMED**

No costs.