﻿Citation Nr: AXXXXXXXX
Decision Date: 12/12/18 Archive Date: 12/12/18

DOCKET NO. 180724-180
DATE: December 12, 2018
ORDER
Entitlement to service connection for a mental disorder related to in-service trauma is denied.
FINDINGS OF FACT
1. Service treatment records show that the Veteran had exposure to body fluids from performing CPR on an active duty serviceman.
2. The Veteran does not have a current diagnosed posttraumatic stress disorder (PTSD) disability.
3. The preponderance of the evidence is against finding that persistent depressive disorder had its onset in service or is otherwise related to military service, to include the corroborated stressor involving the Veteran performing CPR after witnessing a traumatic car accident in 1992. 
CONCLUSION OF LAW
The criteria for entitlement to service connection for a mental disorder related to in-service trauma have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSION
The Veteran served on active duty from December 1990 to May 1994. This matter comes before the Board of Veterans’ Appeals (Board) from a July 2018 rating decision, in which the agency of original jurisdiction (AOJ) presumed the Veteran had submitted new and relevant evidence in support of his claim and reconsidered the claim, which had previously been denied. The Veteran appealed to the Board and the claim is now one for service connection on the merits. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
Entitlement to service connection for a mental disorder related to in-service trauma
The Veteran contends he has a mental disorder related to a car accident he witnessed in service. Specifically, he reports that while stationed in Guam, he witnessed a civilian car hit, drag, and badly injure a U.S. Marine who was crossing the street. The Veteran performed CPR on the Marine until the Naval base ambulance arrived. He asserts that he rode with the victim in the ambulance to the hospital and later he overhead doctors and nurses talking about the injured Marine having died in the operating room.
The July 2018 rating decision made a favorable finding that the Veteran’s service treatment records show he was exposed to body fluids from a serviceman upon whom he performed CPR. Specifically, an October 1992 service treatment record corroborates the Veteran’s reported military stressor of witnessing a private vehicle strike an active duty Marine and performing CPR until help arrived. The emergency record shows medical personnel drew the Veteran’s and the trauma victim’s blood. The Veteran was released from the emergency department seven minutes later. His service treatment records are otherwise entirely silent for complaints, diagnosis, or treatment for mental health problems. 
The remaining issues in this case are whether the Veteran has a current psychiatric disorder and, if so, whether it began in service or is related to the traumatic event he experienced in service.
Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2017). In addition, service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 
To establish direct service connection, there must be: the existence of a present disability; in-service incurrence or aggravation of a disease or injury; and a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).
Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the in-service stressor occurred. 38 C.F.R. § 3.304(f).
The Board concludes that, while the Veteran has a current diagnosis of persistent depressive disorder and his reported military stressor is corroborated by a service treatment record and not in dispute, the preponderance of the evidence weighs against finding that the Veteran’s current depressive disorder began during service or is otherwise related to his military service, including the traumatic car accident he witnessed. 38 U.S.C. §§ 1110, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a), (d).
Post-service VA treatment records document treatment for cocaine dependence between 2003 and 2009. During an initial mental health evaluation in May 2008, the Veteran described a five-year history of cocaine dependence and requested placement in a recovery group home. He reported mood-related disturbances while using cocaine and immediately after becoming abstinent, but endorsed marked improvement in his mood since starting treatment and maintaining sobriety. He denied a history of other past mental health issues. He received inpatient treatment for cocaine dependence in September and October 2009 and was also diagnosed with cyclothymic disorder and substance induced mood disorder. 
During a May 2015 VA primary care visit, the Veteran reported he stopped using cocaine in 2012 and now worked at an alcohol and drug abuse support group. A review of systems was negative for psychiatric symptoms. A July 2016 depression screen was negative.
In May 2017, the Veteran contacted VA, reporting that he witnessed a car accident a few weeks earlier and had recurring daytime thoughts about it ever since. He stated he “could not get the dead soldier out of his head.” He was referred to a social worker for short-term acute stress reaction due to witnessing a trauma that reminded him of a similar incident 20 years earlier. He met with the social worker for about three months, describing nightmares and difficulty sleeping. By August 2017, he “hardly ha[d] the dream about the accident” and “only [thought] about it when” getting ready for his VA social worker appointments. The diagnosis was acute crisis reaction.
The Veteran was afforded a VA fee-basis examination in June 2018. He described his military stressor and the recent triggering-event when he saw a pedestrian struck by a car. He reported having nightmares about the Marine, feeling anxious, being a hesitant driver since the recent accident, and having a panic attack with bad sweating when he had to do CPR training recently. He stated he performed well in the military and enjoyed the work he did. After service, he worked as a mason doing brickwork for 15 years, had a few years off work due to his addiction problems, worked for 5.5 years as a program director at the recovery group home he had attended, and now worked at VA as a peer support specialist. He disclosed he had “never been big on alcohol or other substances, even after the military,” but started using cocaine at age 34 and became addicted for a five-year period. He endorsed current symptoms of depressed mood, anxiety, chronic sleep impairment, mild memory loss, disturbances of mood and motivation, and difficulty establishing and maintaining effective work and social relationships.
The examining psychologist found the military stressor adequate to support a diagnosis of PTSD, but explained the Veteran did not meet the diagnostic criteria for a diagnosis of PTSD. Instead, the diagnosis was persistent depressive disorder. Following a review of the electronic claims file and examination, the psychologist opined there was no nexus between the Veteran’s current symptoms of depressive disorder and military service. In support of the conclusion, the examiner observed there was no evidence of mental health problems during service, either by documentation in the records or by the Veteran’s report. Also, there was no continuity of mental health problems since military service. Rather, the first mention of the Marine being run over occurred recently. The examiner observed that when the Veteran did seek help after witnessing the recent pedestrian accident, he went for counseling just a few times and then stopped. The examiner concluded that the current persistent depressive disorder seemed to have emerged during the years after the Veteran’s military service and may have contributed to his developing a substance abuse problem as a form of self-medication at age 34. 
The Board finds that service connection for a mental disorder, diagnosed as persistent depressive disorder, is not warranted.
The June 2018 examiner’s opinion is probative and persuasive because it is based on an accurate medical history and provides a clear explanation for the conclusion that is consistent with the evidence of record. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). Here, while the Veteran’s military stressor is conceded, he is not shown to have PTSD, a depressive disorder was not manifested in service or shown to continue from separation from service to the present, and in May 2008 he explicitly denied a past history of any mental health problems other than treatment for substance abuse. Moreover, when he did seek treatment for symptoms of nightmares and recurrent thoughts of the military stressor after witnessing the recent accident in 2017, those symptoms are shown to have resolved within a few months.
To the extent the Veteran contends that he has a mental disorder related to the traumatic experience during military service in 1992, he is not competent to provide such an opinion. See Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009) (2009) (“It is generally the province of medical professionals to diagnose or label a mental condition, not the claimant.”); see also Young v. McDonald, 766 F.3d 1348, 1353 (Fed. Cir. 2014) (holding that PTSD is not the type of medical condition that lay evidence, standing alone, is competent and sufficient to identify). Therefore, the Board gives more probative weight to the June 2018 examiner’s opinion.
In reaching the above conclusions, the Board has considered the applicability of the benefit of the doubt doctrine; however, as the preponderance of the evidence is against the Veteran’s claim, that doctrine is not applicable. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
 
K. Conner
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Kirscher Strauss, Counsel