﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 200424-81327
DATE: June 30, 2020

ORDER

Service connection for an acquired psychiatric disorder (claimed as posttraumatic stress disorder (PTSD)) is denied.

Service connection for residuals of a broken nose is denied.

Service connection for a right knee disorder (claimed as right knee injury) is denied.

Service connection for a left knee disorder (claimed as left knee injury) is denied.

FINDING OF FACT

The Veteran does not have current disabilities of a psychiatric disorder, residuals of a broken nose, the right knee, or the left knee.

CONCLUSIONS OF LAW

1. The criteria for service connection for an acquired psychiatric disorder have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

2. The criteria for service connection for residuals of a broken nose have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

3. The criteria for service connection for a right knee disorder have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

4. The criteria for service connection for a left knee disorder have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran, who is the Appellant, served on active duty from November 1955 to November 1958, and had service in the California Army National Guard until January 1994.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision from the Regional Office (RO), which denied service connection for PTSD, residuals of a broken nose, and right and left knee disorders. In April 2020, the Veteran submitted a timely Notice of Disagreement (NOD) with the February 2019 rating decision and selected direct review of the issues on appeal by a Veterans Law Judge.

The Board has recharacterized the issue on appeal as service connection for an acquired psychiatric disorder, to include PTSD and adjustment disorder with depressed mood, in accordance with the United States Court of Appeals for Veterans Claims (Court) decision in Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that a claim for benefits of one psychiatric disability also encompassed benefits based on other psychiatric diagnoses and should be considered by the Board to be within the scope of the filed claim).

The Board finds that the duties to notify and assist in this case have been fulfilled. Neither the Veteran nor the representative has raised any specific contentions regarding the duties to notify or assist.

1. Service Connection for a Psychiatric Disorder

2. Service Connection for Residuals of a Broken Nose 

3. Service Connection for a Right Knee Disorder

4. Service Connection for a Left Knee Disorder

The Veteran contends that service connection for a psychiatric disorder, residuals of a broken nose, and right and left knee disorders is warranted. Specifically, the Veteran contends that he received VA outpatient treatment in 2009 for nightmares and mood problems that he believes are a result of PTSD, active service, and service in the National Guard. The Veteran also contends that he sustained a broken nose due to boxing for his Unit during active service in Germany. Regarding the knees, the Veteran asserts that during service he sustained injuries to both knees due to heavy lifting of ammunition and crew weapons, as well as engaging in 10 to 20-mile ruck marches while carrying 40 to 60 pounds. See April 2020 NOD, February 2020 Correspondence. 

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Generally, service connection for a disability requires evidence of: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service.

The requirement of a current disability is satisfied when a veteran has a disability at the time he or she files a service connection claim, during the pendency of that claim, or just prior to the filing of a claim, even if the disability resolves prior to adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). In the absence of proof of a current disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

After reviewing all the medical and lay evidence, the Board finds that the weight of the evidence is against finding current disabilities of a psychiatric disability, a residual disability of a broken nose, and a right and left knee disability. Service treatment records are silent for complaints, symptoms, diagnoses or treatment for a psychiatric disorder, a nose disorder, or knee disorders – injury, diagnosis, or treatment. The September 1958 service separation examination shows that clinical evaluation of the nose, lower extremities, and the psychiatric system was normal upon examination. Additionally, during service the Veteran denied any problems with the nose, arthritis or rheumatism, bone or joint deformity, and psychiatric symptoms including trouble sleeping, frequent or terrifying nightmares, depression or excessive worry, and nervous trouble. See September 1958 service treatment record. 

Periodic examinations during service in the Army National Guard shows that examination of the nose, lower extremities and psychiatric system remained normal, and the Veteran consistently reported being in “good” or “excellent” health with no use of medications. The Veteran also continued to deny nose trouble; broken bones; arthritis or rheumatism; bone, joint, or other deformity; frequent trouble sleeping; depression or excessive worry; and nervous trouble of any sort. See April 1982, August 1987, June 1988, May 1990 service treatment records. 

With regard to the claimed psychiatric disorder, post-service treatment records reflect that the Veteran presented to behavioral health in March 2009 with reports problems with nightmares, difficulty falling asleep, feeling sad, and feeling jumpy and irritable following a 1986 tank accident while in the Army National Guard. The Veteran reported that while completing a training exercise the tank he was in drove under some trees, so he and fellow soldiers were directed to get down. The Veteran contends one of the soldiers was fatally injured by the tree when the tank drove under the trees. The Veteran reported increased thoughts of this incident, which he informed his physician about and was prescribed Citalopram. The Veteran endorsed some mild symptoms of depression and some symptoms consistent with PTSD; however, he denied any avoidance of stimuli related to the past trauma. The Veteran reported a reduced number of nightmares and intrusive thinking since starting the medication. A provisional diagnosis of adjustment disorder with depressed mood was rendered; however, the Veteran declined any mental health treatment at that time. See March 2009 VA treatment records. 

During a subsequent primary physician encounter, the Veteran reported that his Citalopram was working well for him, as his depression was under control. He endorsed variable stability of nightmares on Periactin, but did not desire to change the dosage. See October 2009 VA treatment record. 

In an August 2018 statement, the Veteran reported service events related to being treated poorly during basic training and being forced to box for his Unit while stationed in Germany. 

VA provide a psychiatric examination in January 2019. During the examination, the Veteran reported a history of a tank training accident in 1986 during which his commander was caught by the neck on a tree and killed. The VA examiner assessed that the stressor event did qualify as stressor event under the PTSD diagnostic Criteria A. The Veteran also reported a history of boxing during active service, and stated that he enjoyed boxing and was undefeated in Europe. The examiner noted that boxing in service did not qualify as a traumatic event under Criteria A. As for the mental health history, the Veteran reported that seeing his neighbor’s trees sometimes reminds him of the training accident and causes him to feel some distress; however, no other symptoms were reported related to this military event. The Veteran also reported occasional dreams about being attacked by a large unidentified species about twice a month since he moved to Killeen in 2005; however, he is able to return to sleep about 30 minutes later and denied any history of an event similar to his dream. The Veteran also reported awakening frequently to help his ailing wife, noting that his sleep has been interrupted for the past five years since his wife has been ill. Otherwise, the Veteran did not report any intrusion symptoms, avoidance of stimuli, negative alterations in cognition and mood, or marked alterations in arousal and reactivity associated with the claimed miliary trauma. Upon review of the claims file, the VA examiner opined that the Veteran did not meet the DSM- 5 criteria for PTSD and does not report a history of symptoms that would meet any DSM IV or DSM-5 criteria for a mental condition. See January 2019 VA examination report. 

The Veteran has not provided any evidence of a currently diagnosed psychiatric disorder that is competently linked to service. The Board has considered the Veteran’s lay report of treatment for problems with mood and nightmares in 2009 and that he has PTSD related to active service. While the Veteran is competent to report symptoms he observed at any time, under the facts of this case, which include no symptoms, diagnosis, or treatment for a psychiatric disorder during service and no symptoms, diagnosis, or treatment for a psychiatric disorder until many years after service in 2009, with no additional symptoms, diagnosis, or treatment thereafter, the Veteran does not have the requisite medical training or credentials to be able to render a competent diagnosis of a psychiatric disability. A psychiatric disability is a psychological process that requires clinical interview, behavioral observation, and mental status evaluation to diagnose; therefore, the diagnosis of such is outside the realm of common knowledge of a lay person and, because the Veteran is not shown to have the appropriate medical training and expertise to render a diagnosis of a psychiatric disorder, his statements in this regard are insufficient to establish the presence of a current disability. See Young v. McDonald, 766 F.3d 1348, 1353 (Fed. Cir. 2014) (holding that “PTSD is not the type of medical condition that lay evidence... is competent and sufficient to identify”); see also Clemons, 23 Vet. App. at 4-5 (holding that a claimant without medical expertise cannot be expected to precisely delineate the diagnosis of his mental illness). 

As for the claimed residuals of a broken nose, the Veteran asserted in an August 2018 statement that he was forced to represent his unit in boxing events during service and sustained a broken nose during these events. See August 2018 Statement in Support of the Claim. However, post-service treatment notes are silent for complaints, symptoms, diagnosis, or treatment for any history of nose fracture in service, to include any evidence of residual disability of a nose fracture. 

Turning to the claimed right and left knee disorders, post-service treatment notes are also silent for complaints, symptoms, diagnosis, or treatment of any knee disorder. Post-service treatment records show that the Veteran was ambulatory and in no acute distress during exams. Examination of the extremities revealed no evidence of clubbing, cyanosis, or edema in the lower extremities. See June 2009, October 2009 VA treatment records. 

The weight of the evidence shows no diagnosis of a psychiatric disability, residual disability of a broken nose, or a right or left knee disability, including based on functional impairment, at any time during the pendency of this claim or in the time period just prior to the filing of this claim. In the absence of proof of a current disability, there can be no valid claim for entitlement to service connection for a psychiatric disorder, residual of a broken nose, or right or left knee disorder on either a direct, secondary, or any other basis. In view of the foregoing, the Board concludes that the preponderance of the evidence is against the claims for service connection for a psychiatric disorder, residual disorder of a broken nose, or bilateral knee disorders, and the claims must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Moore

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.