Citation Nr: 21049983
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 20-28 780
DATE: August 13, 2021

ORDER

Entitlement to a 60 percent rating effective June 27, 2018, but no higher or earlier, for coronary artery disease (CAD) is granted.

FINDING OF FACT

The preponderance of the evidence shows that the Veteran's CAD was manifested by adverse symptomatology that equated to left ventricular dysfunction of 50 percent of less at all times from June 27, 2018.

CONCLUSION OF LAW

The criteria for a 60 percent rating effective June 27, 2018, but no higher or earlier, for CAD have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.6, 4.104, Diagnostic Code 7017.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1968 to December 1969, including service in the Republic of Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) from an August 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) that denied a rating in excess of 30 percent for CAD. In a March 2020 rating decision, the RO granted the Veteran's CAD a 60 percent rating effective from February 14, 2020. 

In the July 2020 VA Form 9, Appeal to Board of Veterans' Appeals, the Veteran specifically stated that he was not appealing the claims for increased ratings for posttraumatic stress disorder (PTSD) and bilateral hearing loss as well as limited his appeal to the claim for a 60 percent rating for his CAD at all times since he filed his increased rating claim on June 27, 2018. Therefore, the Board must likewise limit the scope of the appeal to this one issue. See Hamilton v. Brown, 4 Vet. App. 528 (1993) ("where ... the claimant expressly indicates an intent that adjudication of certain specific claims not proceed at a certain point in time, neither the RO nor BVA has authority to adjudicate those specific claims, absent a subsequent request or authorization from the claimant or his or her representative").

Next, the Board notes that since issuance of the march 2020 statement of the case, additional evidence has been added to the claims file. However, the Board finds that a remand for agency of original jurisdiction (AOJ) review of this evidence or a delay to obtain a waiver of AOJ review from the Veteran is not needed because the Board finds that the evidence is not pertinent as to the above rating issue. See 38 C.F.R. § 19.31 (a supplemental statement of the case will be furnished to the veteran when additional pertinent evidence is received after a statement of the case has been issued). 

The Increased Rating Claim

The Veteran claim, in substance, that he met the criteria for a 60 percent rating for his CAD at all times since filed his increased rating claim on June 27, 2018.

In this regard, disability evaluations are determined by the application of a schedule of ratings which is based, as far as can practically be determined, on the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Each service-connected disability is rated on the basis of specific criteria identified by a Diagnostic Code. 38 C.F.R. § 4.27. When rating the Veteran's service-connected disability, the entire medical history must be borne in mind. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Separate higher or lower compensable evaluations may be assigned for separate periods of time if such distinct periods are shown by the competent evidence of record during the appeal, a practice known as "staged" ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App. 119, 126 (1999).

Regulations require that where there is a question as to which of two evaluations is to be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The assignment of a particular diagnostic code is "completely dependent on the facts of a particular case." See Butts v. Brown, 5 Vet. App. 532, 538 (1993). One diagnostic code may be more appropriate than another based on such factors as an individual's relevant medical history, the current diagnosis and demonstrated symptomatology. Any change in a diagnostic code by VA must be specifically explained. Pernorio v. Derwinski, 2 Vet. App. 625 (1992).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

In evaluating the evidence, the Board has been charged with the duty to assess the credibility and weight given to evidence. Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Indeed, the Court has declared that in adjudicating a claim, the Board has the responsibility to do so. Bryan v. West, 13 Vet. App. 482, 488-89 (2000). In doing so, the Board is free to favor one medical opinion over another, provided it offers an adequate basis for doing so. Owens v. Brown, 7 Vet. App. 429, 433 (1995). 

The Veteran's CAD is rated as 30 percent disabling from August 31, 2010, and 60 percent disabling from February 14, 2020, under 38 C.F.R. § 4.104, Diagnostic Code 7017.

Under 38 C.F.R. § 4.104, Diagnostic Codes 7017, a 30 percent disability rating requires a workload of greater than 5 METs (The Metabolic Equivalent of Task) but not greater than 7 METs that result in dyspnea, fatigue, angina, dizziness, or syncope, or; evidence of cardiac hypertrophy or dilation on electrocardiogram, echocardiogram, or x-ray. 

A 60 percent rating requires more than one episode of acute congestive heart failure in the past year or; workload of greater than 3 METs but not greater than 5 METs that result in dyspnea, fatigue, angina, dizziness, or syncope or; left ventricular dysfunction with an ejection fraction of 30 to 50 percent. Id.

A 100 percent rating requires chronic congestive heart failure or; workload of 3 METs or less that result in dyspnea, fatigue, angina, dizziness, or syncope or; left ventricular dysfunction with an ejection fraction of less than 30 percent. Id.

In this regard, one MET is defined as the energy cost of standing quietly at rest and represents an oxygen uptake of 3.5 milliliters per kilogram of body weight per minute. 38 C.F.R. § 4.104, NOTE (2). When the level of MET's at which dyspnea, fatigue, angina, dizziness, or syncope develops is required for evaluation, and a laboratory determination cannot be done for medical reasons, an estimation by a medical examiner of the level of activity (expressed in MET's and supported by specific examples, such as slow stair climbing or shoveling snow) that results in dyspnea, fatigue, angina, dizziness, or syncope may be used. Id.

With the above criteria in mind, the Board notes that during the pendency of the appeal the Veteran underwent a VA examination in July 2018. At that time, he reported being on continuous medication for his CAD, had a left ventricular ejection fraction of 60 to 65 percent, and had a METs level of greater than 5 but less than 7.

In February 2020, the Veteran underwent another VA examination. He again reported being on continuous medication, had a left ventricular ejection fraction of 50 percent, and had a METs level of greater than 5 but less than 7.

Telling, the Court has held that, "it is the information in a medical opinion, and not the date the medical opinion was provided that is relevant when assigning an effective date." Tatum v. Shinseki, 24 Vet. App. 139, 145 (2010) (discussing assignment of an effective date for a reduction in disability rating under Diagnostic Code 7528); see also Young v. McDonald, 766 F.3d 1348, 1352-53 (Fed. Cir. 2014). (holding that a medical opinion can diagnose the presence of the condition and identify an earlier onset date based on preexisting symptoms).

Therefore, the Board finds that when considering the Veteran's disability picture at all times since he filed his claim for an increased rating on June 27, 2018, that his disability picture includes the results from the February 2020 VA examination where he had a left ventricular ejection fraction of 50 percent. See Owen, supra; Tatum, supra; Young, supra.

(Continued on the next page)

 

Accordingly, when resolving all reasonable doubt in his favor, the Board finds that the most probative evidence of record shows that the Veteran's CAD's adverse symptomatology approximates the criteria for a 60 percent rating at all times since he filed his increased rating claim on June 27, 2018, because the record shows, among other things, he had left ventricular dysfunction of 50 percent or less. See 38 C.F.R. § 4.104, Diagnostic Code 7017; Owens, supra; Fenderson, supra.

Lastly, the Board finds that above grant constitutes a complete grant of the benefit sought on appeal because in the July 2020 VA Form 9 the Veteran specifically limited his current appeal to the claim for a 60 percent rating for his CAD at all times since he filed his increased rating claim on June 27, 2018. See Hamilton, supra. Therefore, the Board finds that the current decision does not need to discuss whether the Veteran meets the criteria for a rating in excess of 60 percent for his CAD or whether the effective date for the increased rating should be earlier than June 27, 2018, because these issues are not before us.

 

 

NEIL T. WERNER

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Hofmeister

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.